

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 5, 2009

**SENT VIA E-MAIL**

Mark H. Tuohey
William E. Lawler, III
Vinson & Elkins, LLP
The Williard Office Building
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 2004-1008

**FILED**

FEB 1 1 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

   Re: <u>United States v. Miguel O. Tejada,</u>
     Magistrate Case No. 09-MJ-077

Dear Messrs. Tuohey and Lawler:

  This letter sets forth the full and complete plea offer to your client, Miguel O. Tejada, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government," "this Office," of the "United States"). This plea offer will expire on February 23, 2009. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

   **1. Charges and Statutory Penalties**

  Your client agrees to plead guilty to a one-count Information, a copy of which is attached, which charges a misdemeanor violation of 2 U.S.C. § 192 (Misrepresentations to Congress).

  Your client understands that the charge carries a maximum sentence of not more than twelve months' imprisonment, a maximum fine of $1,000, and a $25 special assessment. Finally, if your client is not a citizen of the United States, his guilty plea in this case may subject him to detention, deportation, and other sanctions at the direction of the United States Immigration and Customs

Enforcement.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

## 2. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

## 3. Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2008) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A. Offense Level under the Guidelines

The parties agree that the following Sentencing Guideline section applies:

| | | |
|---|---|---|
| § 2X5.2 | Base Offense Level | 6 |
| Total | | 6 |

### B. Acceptance of Responsibility: 2-level reduction

Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

In accordance with the above, the applicable **Guidelines Offense Level is 4.**

2

### C. **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history.

In accordance with the above, your client's **Criminal History Category is I.**

### D. **Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range is 0 to 6 months (the "Stipulated Guidelines Range"), in Zone A. In addition, the parties agree that, should the Court impose a fine, at Guidelines level 4, the applicable fine range is $250 to $5,000.** The statutory maximum for a fine, however, is $1,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### 4. **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (b) engaged in additional criminal conduct after signing this Agreement.

### 5. **Financial Arrangements**

Your client agrees that, prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $25.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Your client also agrees to provide a full and complete

accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

### 6. Interpreter

Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

### 7. Government Concessions

In exchange for his guilty plea, the government agrees not to oppose your client's release pending sentencing, agrees not to oppose a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), agrees not to oppose a sentence at the low end of the applicable Guidelines range, agrees not to oppose your client's voluntary surrender to commence serving any sentence which is imposed, provided that your client continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against your client in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the matters outlined in the Information. This agreement not to prosecute your client does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and D.C. Code § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving your client.

### 8. Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 9. Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### 10. Appeal Waiver

It is agreed (a) that your client will not file a direct appeal of any sentence within the Stipulated Guidelines Range set forth above and (b) that the Government will not appeal any sentence within the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

### 11. Release/Detention

The government will not oppose your client's release pending sentencing. Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### 12. Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rules of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 13. Waiver of Statute of Limitations

It is further agreed that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 14. Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### 15. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements,

promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to us once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor by /s/*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *Daniel P. Butler*
STEVEN J. DURHAM
CHIEF
DANIEL P. BUTLER
SENIOR LITIGATION COUNSEL
ASSISTANT U.S. ATTORNEYS
FRAUD AND PUBLIC CORRUPTION SECTION
CRIMINAL DIVISION

### DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it fully with my attorneys, Mark H. Tuohey and William E. Lawler, III. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

7

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Plea Agreement and matters related to it.

Date: 11/2/08

Miguel O. Tejada
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

We have read each of the pages constituting this Plea Agreement, reviewed them with our client, Miguel O. Tejada and discussed the provisions of the Agreement with our client, fully. These pages accurately and completely sets forth the entire Plea Agreement. We concur in our client's desire to plead guilty as set forth in this Agreement.

Date: 2-11-09

Mark H. Tuohey
William E. Lawler, III
Attorneys for the Defendant Miguel O. Tejada